UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MCFOLEY,
#237053,

    Petitioner,                                                              Civil Action No. 20-CV-11158

vs.                                                                      HON. BERNARD A. FRIEDMAN

CONNIE HORTON,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

        Petitioner in this matter is serving a prison sentence of ten to twenty years for his Wayne Circuit Court jury conviction of possession with intent to deliver 50 to 449 grams of heroin, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iii). He filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction on the following grounds: (1) insufficient evidence was presented at trial to sustain his conviction, (2) the sentence is cruel and unusual in violation of the Eighth Amendment, (3) trial counsel was ineffective for failing to challenge the legality of the search that led to the discovery of the narcotics, (4) the police violated petitioner's Fourth Amendment rights when they unlawfully detained and searched him, (5) petitioner was denied the effective assistance of appellate counsel, and (6) petitioner's sentence was illegally enhanced.

        For the reasons stated below, the Court shall deny the petition. It shall also deny a certificate of appealability and leave to appeal in forma pauperis.

**I. *Background***

At petitioner's jury trial, Detroit Police Officer John McKee testified that on June 17, 2014, he and two other officers were on patrol in a residential neighborhood in Detroit. ECF No. 10-6, pp. 117-18. McKee saw petitioner walking along the sidewalk. *Id*. at 118-19. McKee noticed a bulge in petitioner's waist, and he suspected based on its shape that it was a concealed handgun. *Id*. at 119-20. The officers stopped their vehicle next to petitioner. *Id*. at 120.

McKee testified that as he exited the vehicle, petitioner turned his body, pulled a sandwich bag out of his front pocket, and dropped it on the ground. *Id.* at 120-21. McKee saw that the bag contained what he later counted to be forty foil packs. *Id.* at 121-23. Based on McKee's years of experience as a police officer, he believed that the packets contained heroin packaged for sale. *Id.* at 123-24. McKee picked up the bag, and the officers arrested petitioner. *Id*. at 124.

McKee searched petitioner and found that the bulge at his waist was actually caused by a blue bank deposit bag. *Id.* The bag contained twenty-five more packets of heroin, another baggie containing four chunks of bulk heroin, a third baggie containing loose heroin powder, and a digital scale. *Id.* at 125-31. Petitioner also had $746.00 in various denominations in his pocket. *Id.* at 132. McKee testified that based upon his experience as a police officer, he believed the narcotics possessed by petitioner were intended for delivery to other people and not for petitioner's personal use. *Id.* at 133.

Officer Brenda Johnson testified as the officer in charge. *Id.* at 148-49. She likewise opined that the quantity and packaging of the heroin seized from petitioner indicated that it was intended for delivery and not personal use. *Id.*

The parties stipulated that George Chirackal, a Michigan State Police Crime Laboratory chemist, would have testified that the substance recovered from petitioner weighed 55.7

grams and was composed of heroin. *Id.* at 152. Chirackal's two-page report was admitted into evidence. *Id.* at 153.

Based on this evidence, petitioner was convicted and sentenced as indicated above. He then pursued a direct appeal in the Michigan Court of Appeals raising two claims:

> I. Did the insufficient evidence presented during the Defendant-Appellant's trial on the element of intent to deliver, to support the jury's verdict of guilty beyond a reasonable doubt of one count of possession with intent to deliver (PWID) between 50 grams and 449 grams of heroin, constitute a denial of the due process of law guaranteed by the Fifth Amendment to the United States Constitution?
>
> II. Does the sentence of from ten years to twenty years in prison, imposed pursuant to the Defendant-Appellant's convictions for one count of PWID between 50 grams and 449 grams of heroin, constitute a violation of the guarantee against cruel and unusual punishment provided by the United States Constitution and the guarantee against cruel or unusual punishment provided by the Michigan Constitution?

Petitioner also filed his own supplemental pro se appellate brief that raised two additional claims:

> III. Prosecutor failed to file a notice of intent . . . charging the Defendant as a fourth habitual offender prior to trial, in order to give Defendant notice in [a] timely fashion which is required by due process Mich. Comp. Laws § 769.12.
>
> IV. Trial counsel was ineffective for failing to object to the admission of any evidence found as it was obtained through illegal search and seizure being rendered invalid and of no legal standing absent "probable cause" and a warrant; trial counsel was also ineffective for failing to file a motion to throw out the evidence and ask the courts to dismiss the case due to insufficient evidence and the jurisdictional defect which eliminates the court from having the power to adjudicate the case.

The Michigan Court of Appeals affirmed in an unpublished opinion. *See People v. McFolley*, No. 324884, 2016 WL 1125494 (Mich. Ct. App. Mar. 22, 2016). Petitioner filed an application for leave to appeal in the Michigan Supreme Court that raised the same claims, but it was

3

denied by standard form order. *See People v. McFolley*, 885 N.W.2d 289 (Mich. 2016) (Table).

Petitioner returned to the trial court and filed a motion for relief from judgment, raising the following claims:

> I. Defendant was denied effective assistance of trial counsel due to a failure to fully challenge the unlawful search and seizure by police and separately sequester and cross-examine all three arresting officers.
>
> II. Defendant's Fourth and Fourteenth Amendment rights to be free of unlawful search and seizure of his person were violated by Detroit Police.
>
> III. Defendant was denied effective assistance of appellate counsel with his constitutional appeal as of right.
>
> IV. Defendant's sentence was enhanced in violation of right to due process, under 14th Amend. To the U.S. Constitution. And Ineffective Assistance of Counsel/Good Cause.

The trial court denied the motion for relief from judgment under MCR 6.508(D)(3)(b), finding that petitioner had not demonstrated actual prejudice for the failure to raise his claims on direct review. ECF No 10-9, p. 4. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals that raised the same claims. That application was denied because petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." ECF No. 10-12. Petitioner applied for leave to appeal that decision to the Michigan Supreme Court, but it was denied under MCR 6.508(D). ECF No. 10-13.

## II. *Legal Standards*

Under 28 U.S.C. § 2254(d), a habeas petitioner must demonstrate that the state court adjudication was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court law. A decision is contrary to clearly established Supreme Court law if the state

4

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An unreasonable application occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. Under this standard, a federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

### III. *Discussion*

### A. *Sufficiency of the Evidence*

Petitioner's first claim is that insufficient evidence was presented at trial to sustain his conviction. Specifically, he argues that there was no evidence presented to show that he intended to deliver the heroin found in his possession. The Michigan Court of Appeals rejected the claim for the following reasons:

> Here, the prosecutor presented evidence at trial to establish that defendant was walking along the street when three police officers approached him due to a bulge protruding from the front of his t-shirt, which the officers initially suspected to be a gun. As the officers drew near, defendant removed a clear plastic sandwich bag from his pants pocket and dropped it on the ground. Inside the bag were 40 foil packs containing what was later confirmed to be heroin. The officers arrested and searched defendant; they found that the bulge underneath defendant's t-shirt was a banker's bag containing 25 individually filled and knotted clear plastic packages of heroin, a clear baggie containing four "kind of big" chunks of heroin, and a digital scale. Defendant also had over $700 cash on his person, with bills of various denominations. In total, defendant had 55 grams of heroin in block form and 65 packets of heroin in his possession. Two police officers testified that, based on their years of experience in dealing with controlled substances crimes, it was their opinion that

5

> the amount of heroin, the variety of heroin, and the packaging in foil packets and knotted packets were all indicative of an intent to deliver, rather than for purely personal consumption. The circumstantial evidence presented, as well as the opinions of witnesses knowledgeable about drug trafficking, constituted more than sufficient evidence for a reasonable jury to conclude beyond a reasonable doubt that defendant intended to deliver heroin.

*McFolley*, 2016 WL 1125494, at *1 (footnote omitted).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). The issue on a sufficiency-of-the-evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted, emphasis in the original). Sufficiency-of-the-evidence claims raised on habeas "are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

> First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ——, 132 S. Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U.S. 766, ——, 130 S. Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

*Id.* As a result, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Id*. at 656.

6

In the present case, the state court reasonably adjudicated this claim. The state court noted that the evidence presented at trial regarding the amount of heroin found on petitioner and how it was packaged constituted sufficient circumstantial evidence from which the jury could find that the narcotics were intended for delivery. Of particular note, the heroin was accompanied by a digital scale, a large sum of case, and much of it was divided into individually tied-off packages. Under Michigan law,

> [a]ctual delivery is not required to prove intent to deliver. *Wolfe, supra* at 524, 489 N.W.2d 748. An actor's intent may be inferred from all of the facts and circumstances, *People v. Safiedine*, 163 Mich. App. 25, 29, 414 N.W.2d 143 (1987), and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient. *People v. Bowers*, 136 Mich. App. 284, 297, 356 N.W.2d 618 (1984). Intent to deliver can be inferred from the quantity of the controlled substance in the defendant's possession and from the way in which the controlled substance is packaged. *Wolfe, supra* at 524, 489 N.W.2d 748.

*People v. Fetterley*, 583 N.W.2d 199, 203 (Mich. Ct. App. 1998). The circumstantial evidence presented at petitioner's trial, and the reasonable inferences that can be drawn from that evidence, allowed the state court to reasonably reject petitioner's claim. Accordingly, the Court rejects petitioner's first claim.

**B. *Eighth Amendment***

Petitioner's second claim is that his ten to twenty year sentence is cruel and unusual in violation of the Eighth Amendment. The Michigan Court of Appeals rejected this claim for the following reasons:

> First, as we addressed above, there was sufficient evidence to establish that defendant intended to deliver heroin. Hence, there is no merit to defendant's contention that the conviction was of questionable reliability. Furthermore, a sentence within the guidelines range is presumptively proportionate, and a sentence that is

7

> proportionate is not cruel or unusual punishment. *People v. Powell*, 278 Mich. App. 318, 323; 750 N.W.2d 607 (2008). "'In order to overcome the presumption that a sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate.'" *Bowling*, 299 Mich. App. at 558. "Unusual circumstances," for purposes of overcoming the presumption of proportionality, do not include employment, a minimal criminal history, or an adult defendant's age. *People v. Lemons*, 454 Mich. 234, 258-259; 562 NW2d 447 (1997); *People v. Benton*, 294 Mich. App. 191, 205; 817 N.W.2d 599 (2011); *People v. Daniel*, 207 Mich. App. 47, 54; 523 N.W.2d 830 (1994). A defendant's age is insufficient to overcome the presumptive proportionality of a sentence that is established on the basis of the defendant's criminal record and the gravity of the offense. *Lemons*, 454 Mich. at 258-259; *Bowling*, 299 Mich. App. at 558-559. Here, it is uncontested that defendant's sentence falls within the recommended minimum sentencing range under the legislative guidelines. Defendant did not object to the scoring of the sentencing guidelines. Because his sentence is within the recommended guidelines range, defendant's sentence is presumptively proportionate. And given the absence of unusual circumstances, he has failed to demonstrate a plain error that affected his substantial rights in the sentence imposed by the trial court.

*McFolley*, 2016 WL 1125494, at *2.

"[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "Courts assessing whether the Eighth Amendment's limited guarantee of proportionality has been satisfied must 'grant substantial deference to the . . . legislatures . . . in determining the types and limits of punishments for crimes." *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (quoting *Harmelin*, 501 U.S. at 999). If a sentence is within the statutory limits, trial courts are accorded "wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (quoting *Williams v. New York*,

337 U.S. 241, 245 (1949)). The "actual computation of [a defendant's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003).

Petitioner's ten to twenty year sentence is within the statutory twenty-year limit for his crime. *See* Mich. Comp. Laws § 333.7401(2)(a)(iii). The prison term, while lengthy, is not grossly disproportionate to the offense. *See, e.g., Friday v. Straub*, 175 F. Supp. 2d 933, 941 (E.D. Mich. 2001) (sentence of 22 to 40 years' imprisonment was not cruel and unusual punishment for conviction of delivering less than 50 grams of cocaine); *Sanders v. McKee*, 276 F. Supp. 2d 691, 700 (E.D. Mich. 2003) (defendant's sentence to 15 to 40 years' imprisonment for delivering, and conspiring to deliver, less than 50 grams of cocaine was not grossly disproportionate). The Court therefore rejects petitioner's second claim.

## C. *Seizure of Narcotics*

Petitioner's third claim is that his trial counsel was ineffective for failing to elicit what petitioner asserts would have been inconsistent accounts from the other two officers present at the scene, and then for failing to use that information to challenge the legality of his arrest and the seizure of the heroin. Relatedly, petitioner's fourth claim is that his Fourth Amendment rights were violated because the officers went on a "fishing expedition" without sufficient justification for detaining petitioner. Petitioner's fifth claim is that his appellate counsel was ineffective for failing to raise his third and fourth claims on direct appeal.

These claims all lack merit. With respect to the underlying issue of whether the officers had sufficient cause to detain petitioner, the trial court stated the following in its opinion denying petitioner's motion for relief from judgment:

9

> At trial, the prosecution presented evidence that defendant was walking along the street when three police officers approached him due to a bulge protruding from the front of his t-shirt, which the officers initially suspected to be a gun. As the officers drew near, defendant removed a clear plastic sandwich bag from his pocket and dropped it on the ground. Inside the bag were 40 foil packets containing what was later confirmed to be heroin.

ECF No. 10-9, p. 3.

Before the officers stopped or detained petitioner, he threw the bag of narcotics on the ground in plain view of the officers. His act of abandoning the bag forfeited any Fourth Amendment protection he had regarding its seizure. *See United States v. Eden*, 190 F. App'x 416, 421 (6th Cir. 2006) (noting that "neither a warrant nor probable cause is required to seize and search property that has been abandoned"). Once the officers saw that the bag contained what appeared to be packages of narcotics, they had ample probable cause to arrest and search petitioner. *See United States v. Newell*, 596 F.3d 876, 880 (8th Cir. 2010) (officers had probable cause to arrest the defendant after seeing contraband in plain view hanging out of the defendant's pocket).

Petitioner argues that his counsel's failure to call the other two officers present at the scene deprived him of the opportunity to elicit some hypothetical inconsistent account of what occurred. But this claim is based on pure speculation. Petitioner made no evidentiary proffer in the state courts, and he makes none here, that the other officers would have testified favorably to the defense. In the absence of any supporting evidence, petitioner is unable to establish that trial counsel's failure to call the two other police officers to support a challenge to the recovery of the narcotics constituted deficient performance or that petitioner was prejudiced by the decision. *See Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007). An unsupported allegation of ineffective assistance of counsel fails to overcome the "strong presumption that counsel's conduct falls within

the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Further, because petitioner's third and fourth claims lack merit, his appellate counsel was not ineffective for failing to raise them on direct review. *See Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008) ("No prejudice flows from the failure to raise a meritless claim."). For these reasons, the Court rejects petitioner's third, fourth, and fifth claims.

**D.** *Failure to Challenge Habitual Offender Designation*

Petitioner's final claim is that his counsel was ineffective for failing to challenge his designation as a fourth-time habitual felony offender. The Michigan Court of Appeals rejected this claim for the following reasons:

> The record shows that the prosecutor timely filed a notice of intent to enhance defendant's sentence as a fourth habitual offender. However, there is no proof of service in the lower court record. Nevertheless, where the record makes it apparent that the defendant had actual notice of the prosecutor's intent to seek sentence enhancement, and the defendant cannot show that he was in any way prejudiced by the prosecutor's failure to file a proof of service, the error is deemed to be harmless. *People v. Walker*, 234 Mich. App. 299, 314; 593 N.W.2d 673 (1999).
>
> The transcripts of the hearings in this case reflect that defendant's being charged as a fourth habitual offender was discussed on the record at more than one hearing when defendant was present. As early as at the preliminary examination, the court stated that defendant "is served with habitual offender fourth offense notice" and defendant did not object. There were several discussions between the prosecutor and defendant concerning plea bargains, which included offers to drop the fourth habitual offender charges. At the final conference, the prosecutor's plea offer was discussed on the record, at which time the trial court twice noted that the offer included dismissal of the habitual fourth enhancement notice, which was verified and expressly restated by the prosecutor. Defendant's counsel confirmed that he had discussed the offer with defendant, and that defendant was declining the offer. Defendant then expressly confirmed he was choosing instead to go to trial. It is apparent from the record that defendant had actual notice of the prosecutor's intent

11

> to seek a habitual fourth sentence enhancement. Defendant has not shown that he was prejudiced in any way by the prosecutor's failure to file a proof of service with the clerk of the court. Defendant did not challenge the trial court's representation on the record that defendant had been served with the habitual offender fourth offense notice, and he does not argue on appeal that he had any viable challenge to the habitual offender enhancement. On these facts, the prosecution's failure to file a proof of service constituted harmless error. Defendant is not entitled to resentencing.

*McFolley*, 2016 WL 1125494, at *2-3.

This decision did not contravene any principle of clearly established Supreme Court law. The record supports the state court's determination that petitioner had actual notice of the habitual offender designation. *See* Prelim. Exam, ECF No. 10-2, at p. 3 ("Mr. McFolley is served with habitual offender fourth offence notice"); Final Conference, ECF No. 10-5, pp. 3-4 (noting that the parties discussed the plea offer that contemplated dismissal of the habitual offender charge). Petitioner offers no argument as to why his constitutional rights, as clearly established by the Supreme Court, were violated despite receiving actual notice that he was being charged as a fourth-time habitual felony offender. The Court therefore rejects this claim.

## IV. *Conclusion*

For the reasons stated above,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has failed to make a substantial showing that any of his constitutional rights have been violated. *See* 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not appeal in forma pauperis because any appeal in this matter would be frivolous. *See* 28 U.S.C. § 1915(a)(3).

s/Bernard A. Friedman
Bernard A. Friedman
Dated: May 13, 2021          Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 13, 2021.

Cedric McFolley #237053                s/Johnetta M. Curry-Williams
CHIPPEWA CORRECTIONAL FACILITY         Case Manager
4269 W. M-80
KINCHELOE, MI 49784